IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
CALIFORNIA SPORTFISHING          )
PROTECTION ALLIANCE, a nonprofit )   2:12-cv-02767-GEB-DAD
corporation,                     )
                                 )
          Plaintiff,             )   ORDER RE: SETTLEMENT AND
                                 )   DISPOSITION
     v.                          )
                                 )
BETTENDORF TRUCKING ENTERPRISES, )
a California corporation; and    )
RON BORGES, an individual,       )
                                 )
          Defendants.            )
_____ )
```

Plaintiff filed a "Notice of Settlement" on April 10, 2013, in which it states: "parties in the above-captioned action, have reached settlement and executed a [Proposed] Consent Agreement. The settlement is contingent upon the expiration of the federal agencies' 45-day review period." (ECF No. 9, 2:1-4.) Since the referenced settlement is subject to review by regulatory agencies, the parties "submit that good cause exists to set June 7, 2013, as the deadline for the filing of a Stipulation for Approval of Consent Agreement and Dismissal of Plaintiff's Claims with Prejudice, or a Notice that the settlement is null and void." (Id. at 2:13-16.)

Therefore, a dispositional document shall be filed no later than June 7, 2013. Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed. See E.D. Cal. R. 160(b) ("A failure to

1

file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

Further, the Status Conference scheduled for hearing on May 10, 2013, is continued to commence at 9:00 a.m. on June 24, 2013, in the event no dispositional document is filed, or if this action is not otherwise dismissed.[1] A joint status report shall be filed fourteen (14) days prior to the status conference.

IT IS SO ORDERED.

Dated: April 12, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[1] The status conference will remain on calendar, because the mere representation that a case has been settled does not justify vacating a scheduling proceeding. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987)(indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).

2