IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CALIFORNIA SPORTFISHING    )
PROTECTION ALLIANCE, a nonprofit  )    2:12-cv-02767-GEB-DAD
corporation,               )
                           )
           Plaintiff,      )    ORDER RE: SETTLEMENT AND
                           )    DISPOSITION
      v.                   )
                           )
BETTENDORF TRUCKING ENTERPRISES,  )
a California corporation; and     )
RON BORGES, an individual, )
                           )
           Defendants.     )
_____)

Plaintiff filed a "Notice of Settlement" on April 10, 2013, in which it states: "parties in the above-captioned action, have reached settlement and executed a [Proposed] Consent Agreement. The settlement is contingent upon the expiration of the federal agencies' 45-day review period." (ECF No. 9, 2:1-4.) Since the referenced settlement is subject to review by regulatory agencies, the parties "submit that good cause exists to set June 7, 2013, as the deadline for the filing of a Stipulation for Approval of Consent Agreement and Dismissal of Plaintiff's Claims with Prejudice, or a Notice that the settlement is null and void." (Id. at 2:13-16.)

Therefore, a dispositional document shall be filed no later than June 7, 2013. Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed. See E.D. Cal. R. 160(b) ("A failure to

1

1 file dispositional papers on the date prescribed by the Court may be
2 grounds for sanctions.").
3        Further, the Status Conference scheduled for hearing on May
4 10, 2013, is continued to commence at 9:00 a.m. on June 24, 2013, in the
5 event no dispositional document is filed, or if this action is not
6 otherwise dismissed.[1] A joint status report shall be filed fourteen (14)
7 days prior to the status conference.
8        IT IS SO ORDERED.
9 Dated:  April 12, 2013

  _____
  GARLAND E. BURRELL, JR.
  Senior United States District Judge

---

[1] The status conference will remain on calendar, because the mere representation that a case has been settled does not justify vacating a scheduling proceeding. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987)(indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).

2